# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                              CASE NO. 6:04-cr-104-JA/LHP

**BENNIE C. RIVERA**

## ORDER

Defendant filed a Motion for Compassionate Release. (Doc. 367).[1] To prevail on his motion, Defendant must satisfy two requirements: (1) he must exhaust his administrative remedies and (2) show there are extraordinary and compelling reasons warranting a reduction in his sentence. If the Court finds that Defendant satisfies these requirements, it may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) (18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13), and specifically finding that Defendant is not a danger to the safety of any other person or the community (U.S.S.G. § 1B1.13(2)). Defendant has exhausted his administrative remedies, but because he has not shown extraordinary and compelling reasons for a reduction of his sentence, his motion must be denied.

---

[1] The Government opposes the motion. (Doc. 371). Although not authorized, Defendant filed a Reply. (Doc. 372).

Furthermore, the § 3553 sentencing factors do not weigh in Defendant's favor.

On August 26, 2008, a jury found Defendant guilty of Count One of the Indictment, conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846, and Count Three of the Indictment, possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1). (Doc. 253). On February 19, 2009, the Court sentenced Defendant to 240 months on each of Counts One and Three, such terms to run concurrently, followed by ten years of supervised release on each of Counts One and Three, all such terms to also run concurrently.[2] (Docs. 286, 287, 288). The Eleventh Circuit Court of Appeals affirmed Defendant's sentence. (Doc. 311).

Defendant's Motion to Vacate, Set Aside, or Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255 was denied (Doc. 323), as was his Motion for a Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) (Doc. 338).[3] The Eleventh Circuit Court of Appeals affirmed the denial of his § 2255 motion (Case No. 6:11-cv-724, Doc. 27, 28) and dismissed his appeal of the denial of

---

[2] Unsupervised provided Defendant leaves the United States and does not re-enter.

[3] Defendant was ineligible for reduction of his sentence pursuant to Amendment 782, because he was sentenced at the mandatory minimum required by statute.

2

his sentence reduction for lack of jurisdiction. (Doc. 343). Defendant then filed a Motion to Reduce Sentence Pursuant to the First Step Act which was also denied. (Docs. 344, 356). The Eleventh Circuit Court of Appeals granted the Government's motion for summary affirmance of Defendant's appeal of this denial and the denial on reconsideration. (Doc. 363).

Defendant is 51 years old with a projected release date of September 26, 2025. (Docs. 325 at 7; 371 at 2).

## I. LEGAL FRAMEWORK FOR REDUCTION IN SENTENCE

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.-**
>
> The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering

> the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Because Defendant is under 70 years old, he must show extraordinary and compelling reasons to qualify for modification of his sentence under § 3582(c). Factors constituting extraordinary and compelling reasons are outlined in U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. §3582. These reasons include Defendant's: (A) medical conditions, (B) age, if over 65 years, and (C) family circumstances. Neither (B) or (C) apply here because Defendant is not over 65 and he does not claim a relevant family circumstance.[4]

---

[4] Family circumstance is either (i) the death or incapacitation of the caregiver of the defendant's minor child or minor children or (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. 1B1.13, Application Note 1.(C). Defendant does not allege either of these conditions.

Extraordinary medical conditions include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). Terminal illness "means a disease or condition with an end-of-life trajectory." 18 U.S.C. § 3582(d)(1). BOP Program Statement 5050.50, at 3(a) provides that consideration for a reduction in sentence can be given to an inmate who has been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen months or less. Consideration is also given if an inmate is "completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair" or "capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." *Id.* at 3(b). But even when an extraordinary and compelling reason exists, a district court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public and the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

## II. DISCUSSION

### A. EXHAUSTION OF ADMINSTRATIVE REMEDIES

The first question is whether Defendant exhausted his

administrative remedies because the failure to do so is fatal to his request. *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020)("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(l)(A)'s exhaustion requirement takes on added—and critical—importance."). As set forth above, Defendant may ask the Court for relief after (1) he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or (2) there has been a lapse of 30 days from the receipt of such a request by the warden of the facility where Defendant is imprisoned. 18 U.S.C. § 3582(c)(l)(A).

Defendant submitted a request for compassionate release to the warden on June 3, 2021, that the warden denied on June 10, 2021. (Doc. 367 at 1; 367-1 at 1-3). Defendant appealed the warden's decision to the Regional Director on June 17, 2021 but did not get a response. (Doc. 367-1 at 4). This was enough to satisfy the exhaustion requirement. 28 C.F.R. § 542.18. But Defendant then appealed to the Central Office on August 23, 2021 (Doc. 367-1 at 5-6) but did not get a response until December 13, 2021, stating additional time to respond was needed. (Doc. 367-1 at 7). There is no evidence of any further response to Defendant's appeals. The Court finds that Defendant has exhausted his administrative remedies.

## B. DEFENDANT FAILS TO PRESENT ANY EXTRAORDINARY AND COMPELLING REASONS

Defendant bears the burden of establishing that release is warranted. *United States v. Heromin*, 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). In his motion, Defendant asserts that the length of his sentence along with the severity of his punishment, heightened because of the threat of Covid-19, are extraordinary and compelling circumstances to warrant compassionate release. (Doc. 367). In his Reply, Defendant additionally asserts that he was recently diagnosed with severe diabetes and hypertension. (Doc. 372). These asserted reasons do not describe conditions that qualify as extraordinary and compelling circumstances.

The length of Defendant's sentence nor the severity of his punishment are factors constituting extraordinary and compelling reasons as outlined in U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. §3582, as neither is a terminal illness or a condition that prohibits Defendant from providing self-care. And Defendant's assertions that he has been diagnosed with severe diabetes and hypertension, without more, also do not constitute extraordinary and compelling circumstances. Defendant provides no medical records to substantiate these ailments or their severity and provides nothing to

show how either is a terminal illness or a condition that prohibits Defendant from providing self-care. Indeed, Defendant states the "medical staff has requested that [he] . . . be transferred to a higher care leve[l] (sic) facility to accommodate his health needs." (Doc. 372).

"[A] compassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Defendant's failure to provide records corroborating his medical conditions is critical. *See, e.g., Klatch v. United States*, No. 8:17-cr-135-T-27JSS, 2020 WL 1694299, at *2 (M.D. Fla. Apr. 7, 2020) (denying compassionate release based, in part, on the defendant failing to "provide any medical documentation in support of his assertions" that he is suffering a serious medical condition); *see also, United States v. Cheaves*, No. 8:19-cr-00075-JA-CPT-1, 2022 WL 830000, at *1 (11th Cir. 2022) (per curiam) (summary affirmance granted where Defendant provided no medical records to support his motion for compassionate release).

Further, the Covid-19 pandemic is not an extraordinary and compelling reason. The specified categories of the Sentencing Commission's policy statement are serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597.

And "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *United States v. Smith*, 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Finally, "neither the 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020). *See also, United States v. Neubert*, No. 1:07-cr-00166-SEB-KPF, 2020 WL 1285624, at *3 (S.D. Ind. March 17, 2020)( "the disparity between [defendant's] actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.'"). Courts are prohibited from granting compassionate release unless "such a reduction is consistent with applicable policy statements issued by" the Commission. 18 U.S.C. § 3582(c)(1)(A). *See Dillon v. United States*, 560 U.S. 817, 821 (2010)(a "reduction must be consistent with applicable policy statements issued by the Sentencing Commission"); *United States v. Colon*, 707 F.3d 1255, 1259-60 (11th Cir. 2013) (3582(c)(2) requires courts to follow policy statements of the Sentencing Commission); *United States v. Nasirun*, No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020)("any reduction must be consistent with the policy statements of the Sentencing Commission"); *United States v. Bryant*, 996 F.3d 1243, 1262 (11th

Cir.), *cert. denied*, 142 S.Ct. 583 (2021) ("district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13.").

Application Note 1(D) of U.S.S.G. § 1B1.13 allows for other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. Defendant erroneously asserts that "District Courts have full discretion to define what constitutes an 'extraordinary and compelling' reason." (Doc. 367 at 2). The Eleventh Circuit Court of Appeals, however, has made clear that Application Note 1(D) of U.S.S.G. § 1B1.13 "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248. That is, "the phrase '[a]s determined by the Director of the [BOP]'" cannot be replaced with "as determined by a district court." *Bryant*, 996 F.3d at 1263. Thus, relief under Application Note 1(D) is not available to Defendant.

Defendant fails to carry his burden of showing extraordinary and compelling circumstances to warrant compassionate release.

### C. THE 18 U.S.C. § 3553(a) FACTORS WEIGH AGAINST GRANTING DEFENDANT RELIEF

If Defendant had presented extraordinary and compelling reasons—which he did not—the Court could grant a sentence reduction after considering the 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). In an abundance of caution, the

Court has carefully considered the 3553(a) factors and finds that they also weigh against Defendant's request for relief.[5]

### III. CONCLUSION

Defendant's Motion for Compassionate Release (Doc. 367) is **DENIED**.[6]

**DONE** and **ORDERED** in Orlando, Florida, on May 24, 2022.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Bennie Rivera

---

[5] Prior to this conviction, Defendant had two convictions for Battery at age 20, one of which was domestic violence, and at age 22, Conspiracy to Possess with Intent to Distribute 5 grams or more of Cocaine Base. (Doc. 348 at 16-17). After he was released from that last conviction, he was deported in 1998. (Doc. 348 at 17). Defendant was taken into federal custody in this case for activities in 2004 on April 15, 2008, in Texas. (Doc. 348 at 14, ¶27). During his incarceration in this case, Defendant has had several disciplinary problems, including possession of a dangerous weapon, possession of a dangerous tool, and assault. (Doc. 371-1). The Court notes however, that it has been five years since Defendant has had a disciplinary action.

[6] The United States' First Motion for Extension of Time to file a response (Doc. 370) is **denied as moot**.